UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:13-cr-0242-WTL-DML-1 |
| RUBEN RIOS, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 1, 2014 and August 5, 2014, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on July 29, 2014. Defendant Rios appeared in person with his appointed counsel, Mike Donhaoe. The government appeared by Matt Rinka, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Diane Asher and Officer Jason Philips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Rios of his rights and provided him with a copy of the petition. Defendant Rios waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Rios admitted violations 1, 3, and 5. Government orally moved to dismiss violations 2 and 4 and the same granted. [Docket No. 10.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall reside for a period of up to 120 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**<br><br>Mr. Rios was instructed to report to the Volunteers of America on July 24, 2014. He failed to report as instructed and his whereabouts are unknown. |
| 3 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**<br><br>As previously reported to the Court, on April 7, 2014, Mr. Rios was arrested in South Bend, Indiana, for failure to pay child support and court costs. He did not have permission to leave the district, nor did he notify this officer of the arrest as required. It was not until April 23, 2014, when he admitted to the arrest and being out of the district without permission. |
| 5 | **"The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer."**<br><br>As previously reported to the Court, on September 28, October 19, December 16, 2013, January 4, 8, 22, 25, February 1, 3, March 3, 10, 12, 15, and 17, 2014, Mr. Rios failed to appear for random urine testing. |

4. The Court took notice that violation 3 is titled incorrectly.

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is 3.

(c) The range of imprisonment applicable upon revocation of Defendant Rios' supervised release, therefore, is 5 – 11 months' imprisonment.

6. The parties jointly recommended a sentence of 5 months to be served at the BOP followed by 24 months of supervised release to include up to 120 days at a Residential Reentry Center.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 5 months, followed by 24 months of supervised release, including up to 120 days at a Residential Reentry Center. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 08/08/2014

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal